**Leon R. NOLAND, Appellant,**

v.

**DEPARTMENT OF CORRECTIONS,**
**Appellee.**

No. 2007–CA–002411–MR.

Court of Appeals of Kentucky.

Sept. 12, 2008.

Leon R. Noland, Burgin, KY, appellant, pro se.

Brenn O. Combs, Angela T. Dunham, Office of Legal Services, Frankfort, KY, for appellee.

Before ACREE, DIXON, and TAYLOR, Judges.

*OPINION*

ACREE, Judge.

Leon Noland appeals *pro se* from an order of the Franklin Circuit Court dismissing his petition for a declaration of rights. Noland sought to compel the Department of Corrections to credit time spent on parole against his imposed sentence after his parole was revoked. We affirm the circuit court's dismissal of the petition.

Noland was released on parole on August 7, 2002, and returned to custody as a parole violator on February 7, 2003. A parole revocation hearing was held March 5, 2003, and the Parole Board revoked his parole. After his request for reconsideration was denied, Noland filed a declaration of rights petition to compel the Department of Corrections to give him "street

time credit" against service of his sentence for the period when he was on parole. He appeals from the circuit court's order dismissing his petition.

Ordinarily, time spent on parole "shall not count as a part of the prisoner's maximum sentence except in determining [a] parolee's eligibility for a final discharge from parole[.]" Kentucky Revised Statute (KRS) 439.344. However, in 2003 the General Assembly sought to alleviate overcrowding of penal institutions and to decrease the amount spent by the Commonwealth to incarcerate offenders. Consequently, the biennial budget passed that year contained a provision temporarily suspending the operation of KRS 439.344. House Bill (H.B.) 269 § 36(a) contained the following provision:

> Probation and Parole Credit: Notwithstanding KRS 439.344, the period of time spent on parole shall count as a part of the prisoner's remaining unexpired sentence, when it is used to determine a parolee's eligibility for a final discharge from parole as set out in KRS 439.354, or when a parolee is returned as a parole violator for a violation other than a new felony conviction.

2003 Ky. Acts, Ch. 156, Part IX, item 36(a), p. 1876. It is that provision which Noland seeks to employ to furnish the relief requested.

The Commonwealth argues that Noland is ineligible for the relief provided by H.B. 269 because his parole was revoked before the effective date of this bill on or about March 23, 2003.[1] Noland does not dispute that his parole was revoked on March 5, 2003. However, he contends that the parole revocation did not become final until his motion for reconsideration was denied on March 25, 2003. Thus, he claims entitlement to the provisions of H.B. 269 § 36(a). It is undisputed that Nolands parole was not revoked for commission of a new felony offense.

Although there are no published cases on point, this Court has previously considered a similar issue in *Harper v. Kentucky Dept. of Corrections*, 2005 WL 789140 (Ky. App. April 8, 2005)(No. 2003–CA–002447–MR), which we view as persuasive authority pursuant to Kentucky Rules of Civil Procedure (CR) 76.28(4)(c). The inmate in *Harper* argued that H.B. 269 was remedial and procedural in nature and, thus, should be construed retroactively. In analyzing the issue we determined as follows:

> While a statute should be construed to carry out the intent of the legislature, *see* KRS 446.080(1), KRS 446.080(3) states that "[n]o statute shall be construed to be retroactive, unless expressly so declared." The provision at issue in H.B. 269 contains no express declaration of retroactivity. Remedial or procedural statutes can be retroactively applied in the absence of an express declaration of retroactive application if consistent with the legislative intent. *Spurlin v. Adkins*, 940 S.W.2d 900 (Ky.1997). However, the provisions of a budget bill are only effective for the time period of the budget. *See* KRS 48.310. We believe that if the General Assembly *intended* to provide a remedial statute, it would have permanently amended KRS 439.344 instead of providing a temporary suspension of the statute through the budget bill. Accordingly, we conclude that H.B. 269 was not intended to be retroactive. The law in effect at the

---

1. H.B. 269 was vetoed in part on March 20, 2003. It became law on March 23, 2003, without the Governor's signature. The Governor's vetoes were overridden in part on March 25, 2003. *See* 2003 Ky. Acts, Vol II, p.1912. Neither the veto, nor the override affected the provision at issue here.

time of [the inmate's] parole revocations at issue ... was KRS 439.344, under which he is not entitled to receive credit towards his remaining unexpired sentence for time spent on parole.

*Harper, supra.* Likewise, Noland has provided no legal support for his claim that his parole was not actually revoked until March 25, 2003, the day the Parole Board denied his request for reconsideration of their prior order **revoking** his parole. Since Noland's parole was revoked before the provisions of H.B. 269 became effective, he is unable to avail himself of their ameliorative effect on his sentence length. All other issues raised by Noland's brief have been considered and deemed meritless.

For the foregoing reasons, the order of the Franklin Circuit Court is affirmed.

DIXON, Judge, concurs.

TAYLOR, Judge, concurs in result only.